UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-81476-KAM

WILLIAM B. MILLS & MARY JANE MILLS,

Appellants,

v.

VERO BEACH COUNTRY CLUB, INC.,

Appellee.
_____/

## **OPINION AND ORDER**

This cause is before the Court on the appeal by William B. Mills and Mary Jane Mills ("Appellants" "the Mills") of the bankruptcy court's Order denying the motion for determination of entitlement of attorney's fees pursuant to Florida Statute § 57.105, dated September 24, 2019. Also pending before the Court is Appellee Vero Beach Country Club, Inc.'s ("Appellee" "VBCC") Motion for Attorney's Fees for Frivolous Appeal (DE 9). The Court has carefully considered the appeal, the briefs of the parties, the entire record on appeal, and is otherwise fully advised in the premises.

I. Background

The facts, based upon Appellants and Appellee's statement of facts in their appellate briefs and the appellate record, are as follows:

The Mills were members of the VBCC. After Mr. Mills filed bankruptcy (bankruptcy case number 15-29068), his solely owned company, Real Estate & Management Group, LLC ("REMG") was taken over by a court appointed Receiver. The Receiver determined that over

the span of several years, Mr. Mills had paid numerous personal bills owed to VBCC with REMG funds. As a result, the Receiver filed suit against VBCC based on payments made by REMG, contending they were fraudulent transfers under chapter 726 of the Florida Statutes (adversary bankruptcy case number 18-01215).

After it was sued by the Receiver, VBCC filed a third-party complaint against the Mills seeking to be indemnified any monies it had to pay the Receiver, and for the costs and attorney's fees it incurred in defending the Receiver's suit. VBCC also sought to recover the fees and costs it incurred in bringing the third-party complaint. The third-party complaint against the Mills brought one count for contractual indemnification and one count for common law indemnification. The Mills denied that they had any liability to VBCC due to the Receiver's lawsuit. Additionally, the Mills notified VBCC, pursuant to Florida Statute §57.105, that they believed the third-party complaint brought against them by VBCC was frivolous. Lastly, the Mills filed a counterclaim against VBCC for damages stemming from VBCC denying them their club membership rights and loss of use of the club.

Soon thereafter, VBCC settled the lawsuit with the Receiver. After the settlement of that dispute, the bankruptcy court determined that it continued to have jurisdiction over the remaining dispute, and it retained jurisdiction over the third-party complaint and counterclaim between VBCC and the Mills. (hereinafter, "the indemnity case.")

VBCC moved for summary judgment in the indemnity case on its common law indemnification count, which the bankruptcy court denied. The bankruptcy court found that Florida common law indemnification is not applicable to fraudulent transfer claims brought under the Florida Uniform Fraudulent Transfer Act, and that judgment would be entered for the Mills on that claim at the end of the case. The bankruptcy court granted VBCC's motion for

summary judgment on the Mills' third-party counterclaim. In so ruling, the bankruptcy court found that the $25,000.00 payment made by VCBB to settle the case brought by the Receiver "undoubtedly resulted in an indebtedness of the part of the [Mills] to the [Club]." (Summary judgment order, DE 5-2 at 583.)

Prior to the bankruptcy court making its summary judgment rulings, the Mills filed an action against VBCC in state court for wrongful suspension of their VBCC membership privileges, and for other relief. This case was removed from state court to the bankruptcy court and became adversary bankruptcy court number 19-01329. (hereinafter, "the club membership case.").

Now having both the indemnity case and the club membership case pending before it, the bankruptcy court issued an order to show cause asking the parties to explain why it should not abstain from or dismiss certain claims. The bankruptcy court reasoned that the remaining claims in both cases were closely related and should be treated similarly.

In response to the order to show cause, the Mills took the position that the bankruptcy court should abstain from hearing the VBCC's remaining contractual indemnity claim and that both cases be remanded to state court. VBCC then consented to the club membership case being remanded to state court.[1] VBCC did not state a position with respect to the indemnity case.

Subsequently, the bankruptcy court entered an order abstaining from the club membership case and granted the Mills' motion to remand it to state court. As to the indemnity case, the bankruptcy court abstained and dismissed the claims without prejudice to their pursuit in a state court.

---

[1] The Mills had also filed a motion to remand the membership case they had filed to state court, which the Court granted.

The Mills then filed a motion for a determination of their entitlement to attorney's fees in the indemnity case pursuant to Florida Statute § 57.105, claiming that the involuntary dismissal of the VBCC action by the bankruptcy court rendered them the prevailing parties under Florida law.[2]

The bankruptcy court held a non-evidentiary hearing on the motion for attorney's fees during which it issued its ruling. With respect to the common law indemnity count, the bankruptcy court concluded there was no prevailing party because the summary judgment ruling did not result in the entry of judgment. Moreover, the bankruptcy court found the common law indemnity claim was a good faith attempt to extend the Florida common law of indemnity to fraudulent transfers. With respect to the contractual indemnity claim, the bankruptcy court reasoned that it never ruled on that claim, deciding instead to abstain from ruling in deference to the state court. Thus, the bankruptcy court determined there was no prevailing party on the contractual indemnity claim, and therefore the Mills were not entitled to any relief under § 57.105.[3]

The Mills make the following arguments in this appeal: (1) the bankruptcy court erred when it determined that the Mills were not entitled to attorney's fees under Florida Statute § 57.105 as prevailing parties with respect to the contractual indemnity claim (count one of the third-party complaint in the indemnity case), and (2) the bankruptcy court erred when it determined VBCC had a reasonable basis to try to expand the Florida common law of indemnity

---

[2] The Mills also sought fees for the club membership case pursuant to 28 U.S.C. § 1447. The bankruptcy court denied this request, which the Mills have not appealed.

[3] The bankruptcy court also found that, to the extent the Mills based their claim for attorney's fees on section § 57.015(7), they failed to point to any contractual provision providing their opponent with a right to attorney's fees. Under § 57.105(7), there can be no reciprocal right to attorney's fees without a contractual right in favor of the other party.

to apply in the area of fraudulent transfers (count two of the third-party complaint in the indemnity case).

VBCC responds that (1) the Mills asked the bankruptcy court to abstain from the contractual indemnity law claim, hence they were not "prevailing parties" under Florida Statute § 57.105(1) on that count and (2) VBCC made a good faith attempt to expand the Florida common law of indemnity to apply in the area of fraudulent transfers. That being the case, the Mills were not entitled to an award of attorney's fees under Fla. Stat.§ 57.105.

II. Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. In re Globe Manufacturing Corp., 567 F.3d 1291, 1296 (11th Cir. 2009); In re Club Assoc., 951 F.2d 1223, 1228-29 (11th Cir. 1992). The parties disagree on whether a prevailing party determination is reviewed *de novo* or for abuse of discretion. The parties have the same disagreement on the question of sanctions under Florida Statute § 57.105. Regardless of which standard applies, the bankruptcy court did not err or abuse its discretion.

III. Discussion

Florida Statute § 57.105 provides for an award of attorney's fees to a prevailing party when there is a finding of a lack of support for a claim or defense. The issue before the Court is whether the bankruptcy court erred in finding that the Mills were not prevailing parties on the contractual indemnity claim based on its abstention, and with respect to the common law indemnity claim, whether the bankruptcy court erred in finding VBCC made a good faith attempt to expand the Florida common law of indemnity to apply in the area of fraudulent transfers.

The bankruptcy court possessed jurisdiction over VBCC's third-party complaint and the Mills' counterclaim under 28 U.S.C. § 1334(b), which provided it with jurisdiction over civil

5

proceedings related to cases under title 11. 28 U.S.C. § 1334(b). Section 1334(c) provides the bankruptcy court with the power to abstain from hearing civil proceedings and permits it to abstain from state court matters so they can be heard in state court. In response to the bankruptcy court's order to show cause, the Mills agreed with the bankruptcy court's proposal to abstain in the indemnity case so it could be pursued in state court.

Based on this record, the Mills cannot now claim they are prevailing parties in a case they consented to have resolved in state court. Such an abstention is not a ruling on the merits of the case. Cf. Hughes v. Jamestown Square LLC, No. 09-60086-CIV, 2009 WL 585975, at *2 n.4 (S.D. Fla. Mar. 6, 2009) (the collateral order exception, which applies to section 1334 abstentions, is separate from the merits of the case). Indeed, this ruling can be compared to a district court's decision to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367, which also is not a ruling on the merits. See, e.g., A.W. v. Tuscaloosa City Sch. Bd. of Educ., 744 F. App'x 668, 672 (11th Cir. 2018) (declining to exercise supplemental jurisdiction is "a determination that the merits should be adjudicated elsewhere"); Espinoza v. Galardi S. Enterprises, Inc., No. 14-21244-CIV-GOODMAN, 2018 WL 1729757, at *12 (S.D. Fla. Apr. 10, 2018) ("when declining supplemental jurisdiction, a federal court dismisses the state law claims without an adjudication on the merits."); Gardner v. TBO Capital LLC, 986 F. Supp. 2d 1324, 1333 n.6 (N.D. Ga. 2013) ("Because the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims . . . the Court does not reach the merits of Plaintiffs' remaining claims.")

Another useful comparison can be found by looking to Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005). There, the Eleventh Circuit provided several factors district courts should consider in deciding whether "to proceed in a declaratory judgment suit

where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 1330. In those cases, the United States Supreme Court has stated "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. (quoting Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942)).

Here, the bankruptcy court remanded the club membership case which it found was closely related to the indemnity case. Therefore, in deciding to abstain from the indemnity case, the bankruptcy court properly determined that it should not make a merits-based ruling on the contractual indemnity claim while the remanded and related membership case was pending in state court.

The crux of the Mills' argument is that the bankruptcy court used the term "dismiss" in its abstention order, and numerous Florida cases hold that the defending party is the prevailing party for purposes of attorney's fees after a non-merits based dismissal. The cases relied upon by the Mills, however, are clearly distinguishable from the facts of this case. In all but one of the cases cited by the Mills, the plaintiff against whom attorney's fees were awarded had initiated litigation against the "prevailing" defendant, thus causing the "prevailing" defendant to have to incur fees and costs to defend. The plaintiff then either voluntarily dismissed the case against the defendant before it could be decided on the merits, or the case was involuntarily dismissed because of either sanctionable conduct attributable to the plaintiff, or because of a procedural or jurisdiction defect. See Alhambra Homeowners Ass'n, Inc. v. Asad, 943 So. 2d 316, 317 (Fla. Dist. Ct. App. 2006) (the first case is dismissed by the plaintiff, a second case is filed, and the plaintiff prevails or favorably settles the second case, the defendant is prevailing party on the

7

first dismissed case is entitled to recover attorney fees for the first dismissed case); Metropolitan Dade Cty. v. Evans, 474 So. 2d 392 (Fla. Dist. Ct. App. 1985) (holding that the defendant police officer, who was joined in a civil damages action arising out of his official duties, had "prevailed" when the case brought against him was dismissed with prejudice pursuant to settlement with his employer, and he was therefore entitled to reimbursement of attorney fees); Dolphin Towers Condo. Ass'n, Inc. v. Del Bene, 388 So. 2d 1268 (Fla. Dist. Ct. App. 1980) (where a unit owner voluntarily dismisses his action against a condominium association, the condominium association becomes the prevailing party for purposes of an award of attorney fees); Denino v. Abbate, 247 So. 3d 48, 49 (Fla. Dist. Ct. App. 2018) (remanding to the lower court to decide whether there is a legal entitlement for fees for the defendants in the case of involuntary dismissal of the plaintiff's case entered after a trial); Valcarcel v. Chase Bank USA NA, 54 So. 3d 989, 991 (Fla. Dist. Ct. App. 2010) (the defendants were prevailing parties and entitled to attorney's fees in foreclosure action that was dismissed due to sanctionable misconduct by the plaintiff's attorney even though the dismissal was not on the merits); Nudel v. Flagstar Bank, FSB, 60 So. 3d 1163, 1164 (Fla. Dist. Ct. App. 2011) (the mortgagors/defendants who prevailed in getting the foreclosure case against them dismissed without prejudice based on lack of standing are entitled to attorney's fees and costs as prevailing party); cf. Romaguera v. Trust Mortg., LLC, 238 So. 3d 394, 395 (Fla. Dist. Ct. App. 2018) (the plaintiff is the prevailing party because the defendant failed to serve a witness and exhibit list before trial and the court involuntarily dismissed the case without prejudice).

In State of Florida, Dep't of Health & Rehab. Servs. v. Hall, 409 So. 2d 193 (Fla. Dist. Ct. App. 1982), the defendant "voluntarily and unilaterally annulled all disciplinary action taken against the plaintiff, thus granting her all the relief she could have obtained . . . except, of course,

8

the award of attorney's fees and costs." Id. at 195. In other words, the defendant had voluntarily provided all the relief to which the plaintiff was entitled, rendering the case moot except for attorney's fees to which the prevailing party was entitled.

In Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So. 2d 769 (Fla. Dist. Ct. App. 1975), the court dismissed a complaint seeking to foreclose on a mechanic's lien because the plaintiff did not timely supply an affidavit. Id. at 770. The failure to supply the affidavit was jurisdictional and required dismissal. Id. The defendant was entitled to attorney's fees under the mechanic lien statute.[4] Id.

Under the circumstances of these cases, where a party forces an adversary to expend funds to either initiate or defend a suit, then chooses to either abandon or moot the claim, or is unable to pursue the claim due to procedural or jurisdictional defects or sanctionable conduct, it is only fitting that the wronged party be compensated for the expenses incurred.

This case is quite different. Here, VBCC did not voluntarily dismiss count one for contractual indemnification or in any way indicate a desire not to pursue it on the merits; it did not fail to meet any procedural or jurisdictional requirement necessary for it to proceed; nor did it engage in any sanctionable conduct. Rather, pursuant to the request of the Mills, the bankruptcy court chose to abstain from reaching the merits of the claim, so that the case could proceed in a state court where the Mills could have the jury trial that they wanted. Under these circumstances, the Mills cannot be said to have "prevailed" in any sense of that term. They requested and received a different forum to have the merits of the claim adjudicated. Having requested that the bankruptcy court refrain from adjudicating the merits of the claim in deference

---

[4] Unlike the instant case, Mardan does not concern an abstention by a federal court to allow the state court to decide the merits. Nor does it involve a party who agrees to a dismissal to state court by a federal court, and then later seeks prevailing party status.

9

to another court, and having "got what they asked for," the Mills did not prevail within the meaning of § 57.105.

The Mills make much of the fact that the bankruptcy court used the word "dismissed" in its order effecting the abstention. (Initial Br. at 15, DE 7.) The Mills put form over substance. The record is clear that the bankruptcy court chose to abstain from addressing the merits of the contractual indemnification claim in deference to a state court proceeding, and the bankruptcy court explained that its use of the word "dismissed" was for clerical, not substantive purposes. (Oct. 23, 2019 hr'g at 7-8.) For this reason, the Mills' attempt to read the word "dismiss" in the bankruptcy court's order as a dismissal on the merits is not well taken. Indeed, in denying the motion for attorney's fees, the bankruptcy court explained that the use of the word "dismiss" does not change the fact that the state court would decide the merits of the case. (Oct. 23, 2019 hr'g at 8.)

The Mills also make much of the fact that the case from which the bankruptcy court abstained originated in that court, and hence, it could not remand the case to the state court. Thus, the Mills assert that there was no state court proceeding in which to adjudicate the claim. Be that as it may, the Mills should have known that fact and taken it into account when they requested that the bankruptcy court abstain. Instead, they made the following statement to the bankruptcy court:

> Plaintiff (sic) still asserts that it (sic) is entitled to a jury trial in adversary 1, and if it is consolidated with adversary 2, Plaintiffs will assert their right to a jury trial in the combined action.

(Mills' response to the bankruptcy court's order to show cause, DE 5-2 at 646.) Once again, the Mills "got what they asked for," and cannot now be heard to complain, especially

when the record below demonstrates the Mills agreed to have the case decided on the merits in state court.[5]

For the foregoing reasons, the Court finds that the bankruptcy court did not err or abuse its discretion by ruling that the Mills were not prevailing parties on the contractual indemnity claim for purposes of Florida Statute § 57.105.

Next, the Court will discuss the appeal of the bankruptcy court's determination that the Mills were not entitled to attorney's fees under Florida Statute § 57.105 based on VBCC pursuing the common law indemnity claim. First, the Court rejects the Mills' argument that the bankruptcy court ought to have conducted an evidentiary hearing to decide this issue. Notably, the Mills never requested a hearing. Nor do they state what evidence they would have presented at the hearing. In any event, the bankruptcy court was not required to hold a hearing. See Tedrow v. Cannon, 186 So. 3d 43, 47 (Fla. Dist. Ct. App. 2016)("The trial court may look to the record and should hold a full evidentiary hearing *if necessary*.") (emphasis added).

Nor is the Mills' reliance on Hustad v. Architectural Studio, Inc., 958 So. 2d 569 (Fla. Dist. Ct. App. 2007) compelling. There, the appellate court reversed the trial court for failing to consider an award of attorney's fees based solely on a voluntary dismissal. Id. at 571. The bankruptcy court did no such thing. Instead, the bankruptcy court conducted a hearing and carefully analyzed why VBCC's common law indemnity count was a good faith attempt to extend existing Florida law to fraudulent transfers. Given this careful analysis, there was no reason for the bankruptcy court to hold a *sua sponte* hearing.

---

[5] The same can be said for the Mills' argument that it is dependent on VBCC to refile the case in state court to obtain its fees. The Mills ought to have raised this argument in response to the bankruptcy court's order to show cause. Instead, the Mills agreed with the bankruptcy court's proposed abstention of the indemnity case.

Lastly, after review of the record, the Court finds that the bankruptcy court did not err nor abuse its discretion by concluding that VBCC made a good faith argument to extend the Florida common law of indemnity as to fraudulent transfers. In its summary judgment order, the bankruptcy court explained that Florida common law of indemnity applies only to personal injury claims and certain breach of contract claims in the product liability context. The bankruptcy court further explained that Florida courts have not applied common law indemnity to a fraudulent transfer brought under the Florida Uniform Fraudulent Transfer Act. For those reasons, the bankruptcy court denied VBCC's motion for summary judgment on that theory.[6]

Nonetheless, in determining that VBCC made a good faith argument with respect to common law indemnity, the bankruptcy court correctly noted that there is no Florida case explicitly stating there is no such claim under Florida law. VBCC relied upon <u>Dunn v. Mercantile Commercebank, N.A.</u> (<u>In re GPC Miami Inc.</u>), 582 B.R. 534, 535 (Bankr. S.D. Fla. 2018) in seeking summary judgment. In <u>Dunn</u>, the parties disputed whether common law indemnity in the context of fraudulent transfers existed. <u>Dunn</u> did not decide the issue, finding that regardless of whether it existed, common law indemnity would not apply in that case. In discussing <u>Dunn</u>, the bankruptcy court noted at the October 23, 2019 hearing that <u>Dunn</u> provided "useful dicta" for VBCC to rely on to support its argument for an extension of Florida law. Based on this, the bankruptcy court did not err in finding that VBCC made a good faith argument about its common law indemnity claim and that an award of attorney's fees under section 57.105 was not warranted.

---

[6] With respect to Mills' repeated assertions that they had no liability to VBCC or any fault due to the Receiver's lawsuit, the Court notes that the bankruptcy court found, in its order granting summary judgment to VBCC on the Mills' counterclaim, that the $25,000 payment by the club to the receiver "undoubtedly resulted in an indebtedness of the part of the [Mills] to the [Club]." (Summary judgment order, DE 5-2 at 583.) Based on this finding, the Court rejects any assertion by the Mills that they were not at fault and VBCC therefore could never prove an indemnification claim against them.

Because VBCC's common law indemnification claim was not brought in bad faith, the bankruptcy court did not err or abuse its discretion in concluding that the Mills were not entitled to attorney's fees under Florida Statute § 57.105.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) The decision on appeal of the bankruptcy court is **AFFIRMED**.

2) VBCC's Motion for Attorney's Fees (DE 9) is **DENIED**. The Court finds that the appeal is not frivolous pursuant Federal Rule of Bankruptcy Procedure 8020.

3) The case is **CLOSED** and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of April, 2020.

KENNETH A. MARRA
United States District Judge